**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

CHERICE CARMEL GILLIAM,

      Plaintiff,

      v.

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

No.  2:24-CV-3542-WBS-DMC

FINDINGS AND RECOMMENDATIONS

Plaintiff, who is proceeding with retained counsel, brings this action for judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). Pending before the Court are the parties' briefs on the merits, ECF Nos. 14, 15, and 16.

The Court reviews the Commissioner's final decision to determine whether it is: (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a whole.  See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999).  "Substantial evidence" is more than a mere scintilla, but less than a preponderance.  See Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996).  It is ". . . such evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 402 (1971).  The record as a whole, including both the evidence that supports and detracts from the Commissioner's conclusion, must be considered and weighed.  See Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986); Jones

1

v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  The Court may not affirm the Commissioner's decision simply by isolating a specific quantum of supporting evidence.  See Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a particular finding, the finding of the Commissioner is conclusive.  See Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987).  Therefore, where the evidence is susceptible to more than one rational interpretation, one of which supports the Commissioner's decision, the decision must be affirmed, see Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

For the reasons discussed below, the Court recommends that this matter be remanded for further proceedings.

## I.  THE DISABILITY EVALUATION PROCESS

To achieve uniformity of decisions, the Commissioner employs a five-step sequential evaluation process to determine whether a claimant is disabled.  See 20 C.F.R. §§ 404.1520 (a)-(f) and 416.920(a)-(f).   The sequential evaluation proceeds as follows:

| | |
|---|---|
| Step 1 | Determination whether the claimant is engaged in substantial gainful activity; if so, the claimant is presumed not disabled and the claim is denied; |
| Step 2 | If the claimant is not engaged in substantial gainful activity, determination whether the claimant has a severe impairment; if not, the claimant is presumed not disabled and the claim is denied; |
| Step 3 | If the claimant has one or more severe impairments, determination whether any such severe impairment meets or medically equals an impairment listed in the regulations; if the claimant has such an impairment, the claimant is presumed disabled and the claim is granted; |
| Step 4 | If the claimant's impairment is not listed in the regulations, determination whether the impairment prevents the claimant from performing past work in light of the claimant's residual functional capacity; if not, the claimant is presumed not disabled and the claim is denied; |

Step 5        If the impairment prevents the claimant from performing past work, determination whether, in light of the claimant's residual functional capacity, the claimant can engage in other types of substantial gainful work that exist in the national economy; if so, the claimant is not disabled and the claim is denied.

See 20 C.F.R. §§ 404.1520 (a)-(f) and 416.920(a)-(f).

To qualify for benefits, the claimant must establish the inability to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted, or can be expected to last, a continuous period of not less than 12 months.  See 42 U.S.C. § 1382c(a)(3)(A).  The claimant must provide evidence of a physical or mental impairment of such severity the claimant is unable to engage in previous work and cannot, considering the claimant's age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  See Quang Van Han v. Bower, 882 F.2d 1453, 1456 (9th Cir. 1989).  The claimant has the initial burden of proving the existence of a disability.  See Terry v. Sullivan, 903 F.2d 1273, 1275 (9th Cir. 1990).

The claimant establishes a prima facie case by showing that a physical or mental impairment prevents the claimant from engaging in previous work.  See Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984); 20 C.F.R. §§ 404.1520(f) and 416.920(f).  If the claimant establishes a prima facie case, the burden then shifts to the Commissioner to show the claimant can perform other work existing in the national economy.  See Burkhart v. Bowen, 856 F.2d 1335, 1340 (9th Cir. 1988); Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); Hammock v. Bowen, 867 F.2d 1209, 1212-1213 (9th Cir. 1989).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

3

## II.  THE COMMISSIONER'S FINDINGS

Plaintiff applied for social security benefits on December 7, 2021.  See CAR 17.[1] In the application, plaintiff claims disability began on April 22, 2020.  See id.  Plaintiff's claim was initially denied.  Following denial of reconsideration, Plaintiff requested an administrative hearing, which was held on December 18, 2023, before Administrative Law Judge (ALJ) Trevor Skarda.  In a March 6, 2024, decision, the ALJ concluded Plaintiff is not disabled.  See id. at 20-28.

At the outset, the ALJ noted that Plaintiff was determined to be not disabled in a prior decision issued on April 21, 2020.  See id. at 17.  More specifically, the ALJ defined the issue before the Commissioner as follows:

> . . .A prior decision creates an ongoing presumption that the claimant was able to work beyond the date of that decision (or the adjudicated period). *See* Acquiescence Ruling (AR) 97-4(9) and *Chavez v. Bowen*, 844 F.2d 691 (9th Cir. 1988). In order to obtain payments under her current application, the claimant must demonstrate "changed circumstances," which refers to a change in the circumstances on which the Administrative Law Judge or the Appeals Council based the final decision that a claimant was not disabled, including but not limited to new diagnoses, a change in age category, or a change in the Social Security Rules and Regulations. *See* AR 97-4(9) and *Chavez*, supra. In other words, the undersigned must apply a presumption that the claimant continues to be not disabled, and an award of benefits at this time is appropriate only if there has been a showing of "changed circumstances" since the April 21, 2020, decision (Ex. B1A). If the presumption is not rebutted, the undersigned must determine that the claimant is not disabled with respect to the unadjudicated period, that is, from April 22, 2020, through the date of this decision.
>
> In this case, the final decision was based on a complete review of the medical record and the claimant's residual functional capacity, age, education, and work history. After careful consideration of the entire record, including the claimant's testimony, the undersigned finds that there has been a change of circumstances affecting the issue of disability with respect to the unadjudicated period. As discussed below, there is new and material evidence presented in the record now before the undersigned which results in a change to the findings in the prior decision, as the claimant's severe impairments have changed, the applicable listings regarding the claimant's continued severe impairments have changed, the residual functional capacity has changed, and the claimant's past relevant work has changed.
>
> CAR 17-18.

[1]    Citations are the to the Certified Administrative Record (CAR) lodged on March 3, 2025 (ECF No. 11).

4

Following the determination that Plaintiff's circumstances had changed since the date of the prior decision, the ALJ concluded that Plaintiff remains not disabled despite changed circumstances based on the following relevant findings:

1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2022.

2. Through the date last insured, the claimant had the following severe impairment(s): rheumatoid arthritis of the hips and hands; nerve damage of the right foot of unknown etiology.

3. Through the date last insured, the claimant did not have an impairment or combination of impairments that meets or medically equals an impairment listed in the regulations.

4. Through the date last insured, the claimant had the following residual functional capacity: the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except as follows: she could occasionally climb ramps or stairs, stoop, kneel, crouch, or crawl; she could never climb ladders, ropes, or scaffolds; and she could frequently balance.

5. Considering the claimant's age, education, work experience, residual functional capacity, and vocational expert testimony, through the date last insured, the claimant could have performed her past relevant work as a case aid.

See id. at 20-28.

After the Appeals Council declined review on November 8, 2024, this appeal followed.

### III.  DISCUSSION

In her motion for summary judgment, Plaintiff argues: (1) the ALJ failed to include manipulative limitations in describing Plaintiff's residual functional capacity, (2) the ALJ failed to account for limitation opined by psychological consultative examiner Dr. Aita in describing Plaintiff's residual functional capacity, and (3) the ALJ failed to properly consider Plaintiff's subjective statements and testimony. See ECF No. 14.  For the reasons discussed below, the undersigned finds that Plaintiff's argument concerning the ALJ's evaluation of her subjective statements and testimony is dispositive.

///

///

5

The Commissioner determines the weight to be given to a claimant's own statements and testimony, and the Court defers to the Commissioner's discretion if the Commissioner used the proper process and provided proper reasons.  See Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1996).  An explicit finding must be supported by specific, cogent reasons.  See Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990).  General findings are insufficient.  See Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995).  Rather, the Commissioner must identify what testimony is not afforded weight and what evidence undermines the testimony.  See id.  Moreover, unless there is affirmative evidence in the record of malingering, the Commissioner's reasons for rejecting testimony as not credible must be "clear and convincing."  See id.; see also Carmickle v. Commissioner, 533 F.3d 1155, 1160 (9th Cir. 2008) (citing Lingenfelter v Astrue, 504 F.3d 1028, 1936 (9th Cir. 2007), and Gregor v. Barnhart, 464 F.3d 968, 972 (9th Cir. 2006)).

If there is objective medical evidence of an underlying impairment, the Commissioner may not discredit a claimant's testimony as to the severity of symptoms merely because they are unsupported by objective medical evidence.  See Bunnell v. Sullivan, 947 F.2d 341, 347-48 (9th Cir. 1991) (en banc).  As the Ninth Circuit explained in Smolen v. Chater:

> The claimant need not produce objective medical evidence of the [symptom] itself, or the severity thereof.  Nor must the claimant produce objective medical evidence of the causal relationship between the medically determinable impairment and the symptom.  By requiring that the medical impairment "could reasonably be expected to produce" pain or another symptom, the Cotton test requires only that the causal relationship be a reasonable inference, not a medically proven phenomenon.
>
> 80 F.3d 1273, 1282 (9th Cir. 1996) (referring to the test established in Cotton v. Bowen, 799 F.2d 1403 (9th Cir. 1986)).

The Commissioner may, however, consider the nature of the symptoms alleged, including aggravating factors, medication, treatment, and functional restrictions.  See Bunnell, 947 F.2d at 345-47.  In weighing a claimant's statements and testimony, the Commissioner may also consider: (1) the claimant's reputation for truthfulness, prior inconsistent statements, or other inconsistent testimony; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; (3) the claimant's daily activities; (4) work records; and (5) physician and third-party testimony about the nature, severity, and effect of symptoms.  See

6

Smolen, 80 F.3d at 1284 (citations omitted).  It is also appropriate to consider whether the claimant cooperated during physical examinations or provided conflicting statements concerning drug and/or alcohol use.  See Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002).  If the claimant testifies as to symptoms greater than would normally be produced by a given impairment, the ALJ may disbelieve that testimony provided specific findings are made.  See Carmickle, 533 F.3d at 1161 (citing Swenson v. Sullivan, 876 F.2d 683, 687 (9th Cir. 1989)).

At Step 4, the ALJ evaluated Plaintiff's subjective statements and testimony in determining Plaintiff's residual functional capacity.  See CAR 23-24.  The ALJ summarized Plaintiff's statements and testimony as follows:

> The claimant alleged that she was unable to work because of, in part, rheumatoid arthritis, and unknown nerve damage of the right foot (Ex. B3E/2). She attested that her impairments affected her abilities to, in part, lift, squat, bend, stand, reach, walk, sit kneel, climb stairs, and use her hands (Ex. B7E/6). She elaborated that such activities would cause pain and it was painful to walk for more than fifteen minutes without stopping and resting (Ex. B7E/6). The claimant testified that she is unable to work because of difficulties standing, walking, and holding items. She testified that it takes her a long time to get in and out of the car and her impairments otherwise cause it to take a long time to do anything or go anywhere. She testified that she has spontaneous hand cramping that affected her abilities to drive a car. She testified that any activity continues to cause hand cramping on a daily basis. She testified that she currently walks with a limp, but previously did not walk with a limp. She testified that she is able to sit for ten minutes.

> CAR 24.

The ALJ gave little weight to this evidence and provided the following rationale to support the determination:

> As for the claimant's statements about the intensity, persistence, and limiting effects of her symptoms, they are inconsistent with the overall evidence, which establishes that the claimant has severe impairments, but that they are not as limiting as alleged. Initially, the undersigned notes that with respect to the claimant's alleged hand and wrist limitations, a physical examination on December 21, 2021, showed snuffbox tenderness and tenderness to palpation of the ulnar styloid of the right hand, while the claimant had five out of five strength (Ex. B1F/15). Thereafter, a musculoskeletal examination on March 14, 2022, indicated that the claimant had no joint tenderness, deformity or swelling, no muscle tenderness, and a full range of motion without pain, and did not indicate that the claimant continued to use the previously provided ulnar gutter brace (Ex. B5F/28). An October 27, 2022, musculoskeletal examination was normal (Ex. B5F/209). Although the claimant testified that her hand would cramp performing even basic tasks, she reported Dr. Aita that she

drove herself to the appointment and it was estimated to take over 45 minutes to complete such drive, without indication of hand cramping or being unable to sit for such period comfortably (Ex. B3F/1). Dr. Aita indicated that the claimant's fine motor skills were intact, and she had a mild limitation in her gross motor skills (Ex. B3F/3). Thereafter, Dr. Sharma also noted that the claimant drove herself to the examination (Ex. B4F/1). While she had swelling of the proximal and distal interphalangeal joints in the fingers of both hands, she still retained full range of motion and was able to make fists bilaterally (Ex. B4F/3). The claimant's allegations of significant limitations in her hips and feet are also inconsistent with the overall evidence. X-rays showed mild degenerative changes of the bilateral hips (Ex. B1F/16). She was observed to have normal strength throughout and a normal gait (Exs. B1F/21; B5F/209). Even when abnormal findings were present, such as during Dr. Sharma's examination, she retained five out of five strength and did not use an assistive device to ambulate (Ex. B4F).

CAR 25-26.

Plaintiff argues that the ALJ's analysis is legally insufficient because the ALJ discounted her subjective statements and testimony based "exclusively on comparison between her statements and the evidence of record, claiming that the evidence does not support the severity of her complaints." ECF No. 14, pg. 15. According to Plaintiff: "Ultimately, the ALJ's analysis is just a summary of the medical evidence capped by a conclusion that various findings did not support her testimony, in general." Id. at 17.

The Court agrees with Plaintiff that the ALJ erred by relying solely on inconsistency with the objective evidence to discount Plaintiff's statements and testimony as to the severity of her symptoms, particularly symptoms related to Plaintiff's hands due to arthritis. See Bunnell, 947 F.2d at 347-48. Defendant argues that the ALJ's analysis is saved by reference to symptom improvement with conservative treatment. See ECF No. 15, pg. 12 (citing Wellington v. Berryhill, 878 F.3d 867, 876 (9th Cir. 2017). The Court has reviewed the ALJ's decision and, while the ALJ does indeed reference some conservative forms of treatment, the ALJ does not, as Defendant suggests, cite symptom improvement with such treatment. Thus, the Court finds Defendant's argument unpersuasive and recommends that this matter be remanded to the Commissioner for further evaluation of Plaintiff's subjective statements and testimony.

///

///

## IV.  CONCLUSION

Based on the foregoing, the undersigned recommends that:

1.      Plaintiff's motion for summary judgment, ECF No. 14, be GRANTED

2.      Defendant's cross-motion for summary judgment, ECF No. 15, be DENIED; and

3.      This matter be remanded to the Commissioner of Social Security for further administrative proceedings.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 26, 2026

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

9